DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Sandusky County Court of Common Pleas. Following appellant's guilty pleas to two counts of the indictment, the trial judge sentenced appellant to consecutive sentences of nine months incarceration on one count and five years incarceration on the other count. Appellant appeals this sentence. For the reasons that follow, this court affirms in part and reverses in part the decision of the trial court.
On or about January 13, 1999, appellant pleaded guilty to two counts of the indictment against him: Count Eight, trafficking in cocaine in violation of R.C. 2925.03(A) and (C)(4)(c), a felony of the fourth degree, and Count Nine, trafficking in cocaine in violation of R.C. 2925.03(A) and (C)(4)(d), a felony of the third degree. Appellant appeared before the trial judge on March 2, 1999, for sentencing. The trial judge sentenced appellant to eighteen months incarceration on Count Eight and five years incarceration on Count Nine, to be served consecutively. In doing so, the trial court made the following findings on the record:
 "* * * The Court has considered the PSI prepared by the Community Control Department, as well as the principles and purposes of sentencing as set forth in Ohio law. And the Court finds upon consideration thereof that Count Nine, one of the two counts you plead guilty to, carries a mandatory prison sentence and therefore you are ineligible for Community Control. Further, inasmuch as you were a school teacher at the time of your arrest, and you had been the Recreation Director of Clyde for seven years, ending in 1992, in a small community and in the community where you were trafficking in drugs, these two positions and your reputation in those positions were likely to influence others. Clearly, this offense was part of an organized criminal activity, and the Court does believe that to sentence you to less than the maximum sentence would demean the seriousness of your actions and would not adequately protect the public.
 "On consideration thereof, it is the sentence of this Court that you shall be placed under the care, custody and control of the Ohio Department of Rehabilitation and Correction for a term of five years, which is mandatory incarceration, as to Count Nine; and eighteen months as to Count Eight of the Indictment, said sentences to be served consecutively.
"* * *"
Appellant challenges this sentence, setting forth the following assignments of error:
"First Assignment of Error
 "The Trial Court erred in sentencing the Appellant to the maximum possible sentence where there were no findings in accordance with Ohio Revised Code Section 2929.14(C).
"Second Assignment of Error
 "The trial court erred in sentencing the Appellant to a term in excess of the shortest term where the finding that the term would demean the seriousness of the offender's conduct was not substantiated.
"Third Assignment of Error
 "The trial court erred in sentencing the Appellant to consecutive terms where there were no findings in accordance with Ohio Revised code Section 2929.14(E)(3)."
The standard of review applicable to all three assignments of error is set out in R.C. 2953.08(G)(1). That section provides, in pertinent part:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."
In determining the appeal, an appellate court is required to independently review the record. R.C. 2953.08(F).
Felony sentencing is governed by R.C. Chapter 2929. R.C.2929.11(A) provides that a sentencing judge should be guided by the overriding purposes of the felony sentencing laws: to protect the public from future crimes and to punish the offender. According to R.C. 2929.11(B), felony sentences should be calculated to achieve these purposes, "* * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, unless a mandatory prison sentence is statutorily required,[1] a sentencing judge has discretion to determine the most effective way to serve the overriding purposes of felony sentencing. R.C.2929.12(A). However, in exercising that discretion, the sentencing judge shall consider the factors in R.C. 2929.12(B) and (C) relating to the seriousness of the conduct and the likelihood of recidivism, and the judge may also consider other factors he or she deems relevant. R.C. 2929.12(A).
In his first assignment of error, appellant contends that the trial court erred in sentencing him to the maximum sentence on both counts where the trial court did not make findings in accordance with R.C. 2929.14(C). That section provides:
 "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
In addition, before imposing a sentence, a trial court must make findings setting out its reasons for selecting the sentence when the sentence is for a single offense and the prison term selected is the maximum allowed for that offense. R.C.2929.19(B)(2)(d).[2]
Before sentencing appellant, the trial judge noted on the record that she considered the principles and purposes of sentencing, as is required for felony sentencing under R.C.2929.11. The trial court then sentenced appellant to the maximum sentence on both Counts Eight and Nine. See R.C. 2929.14(A)(3) and (4). Appellant maintains that he is not a major drug offender and that he is not a repeat violent offender. The record supports these contentions. Therefore, the only proper basis for the trial court to sentence him to the maximum terms would be if he committed one of the worst forms of the offense or if he is an offender who poses the greatest likelihood of committing future crimes.
To determine whether an offender committed one of the worst forms of the offense, the sentencing court should consider the factors set out in R.C. 2929.12(B) and (C), which help the court assess the seriousness of the offense. State v. Mushrush
(June 18, 1999), Hamilton App. No. C-980658, unreported, discretionary appeal not allowed (1999), 87 Ohio St.3d 1406; Statev. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported. One of the factors that would allow a court to conclude that an offense is more serious than conduct normally constituting the offense is R.C. 2929.12(B)(5), which provides: "The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others." The transcript of the sentencing hearing reveals that the court specifically made a finding that appellant's position in the community (as a teacher and a recreation director) and his reputation in those positions made appellant likely to influence others. We therefore hold that the trial court found on the record that appellant committed one of the worst forms of the offense, and we further hold that the record supports the sentences. Accordingly, the trial court did not err in sentencing appellant to the maximum sentences under R.C. 2929.14(C). Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred in sentencing him to a prison term in excess of the shortest term because the record does not substantiate the trial court's finding that a sentence of "less than the maximum"[3] would demean the seriousness of appellant's conduct and would not adequately protect the public. R.C.2929.14(B) provides:
 "Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."[4]
Construing R.C. 2929.14(B), the Supreme Court of Ohio has held that the statute does not require that the trial court state on the record its reasons for its finding that imposition of the shortest sentence would demean the seriousness of the conduct or that the shortest sentence would not adequately protect the public; it is enough for the trial court to simply state its finding on the record that one of these two conditions is present.State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. The Court noted, however, that an appellate court is required to independently review the record to determine the appeal. Id. at 327.
In this case, the record reveals, and appellant concedes, that the trial court made findings on the record both that a sentence of less than the maximum would demean the seriousness of the conduct and would not adequately protect the public. However, appellant contends that these findings were not substantiated by the record. Having reviewed the entire record as required by R.C. 2953.08(F), we hold that the record supports the trial court's findings. The court noted, and the record confirms, that appellant worked in influential positions in the community with students, a fact of importance to the trial court. Given this fact, we hold that the record substantiates the trial court's finding that less than the maximum sentence would demean the seriousness of appellant's conduct and not adequately protect the public. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant argues that the trial court erred in ordering that his sentences be served consecutively. R.C. 2929.14(E)(4) provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 or the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Additionally, R.C. 2929.19(B)(2) provides:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
Upon review of the record of the sentencing hearing, we hold that the trial court did not make the required statutory findings before sentencing appellant to consecutive prison terms. See State v. Jackson (Feb. 15, 1999), Erie App. No. E-97-116, unreported, discretionary appeal not allowed (1999), 85 Ohio St.3d 1496; State v. Hall (Aug. 21, 1998), Erie App. No. E-97-121, unreported. Therefore, the trial court's judgment imposing consecutive sentences is not clearly and convincingly supported by the record. Accordingly, appellant's third assignment of error is found well-taken, and this portion of the trial court's judgment will be vacated and remanded to the trial court for resentencing.
The judgment of the Sandusky County Court of Common Pleas is affirmed in part and reversed in part. The portion of the judgment imposing consecutive sentences is vacated, and the judgment is affirmed in all other respects. This case is remanded to the Sandusky County Court of Common Pleas for resentencing in accordance with R.C. 2929.14(E)(4) and this decision. Costs of this appeal assessed against appellee.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
RESNICK, J., KNEPPER, P.J., PIETRYKOWSKI, J., CONCUR.
[1] In this case, a conviction on Count Nine carries a mandatory prison term. See R.C. 2925.03(A) and (C)(4)(d). A conviction on Count Eight results in a presumption in favor of a prison term. R.C. 2925.03(A) and (C)(4)(c).
[2] R.C. 2929.19(B)(2)(d) provides:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum sentence."
[3] R.C. 2929.14(B) requires the trial court to make a finding on the record that to impose the "shortest prison term on the offender" would either demean the seriousness of the offender's conduct or not adequately protect the public. In this case, the trial judge made the finding that sentencing appellant to "less than the maximum sentence" would demean the seriousness of the conduct and not adequately protect the public. The difference in language between the statute and the words that the judge spoke is immaterial. Certainly, if the trial judge made the finding that anything less than the maximum would demean the seriousness of the conduct or not adequately protect the public, this by definition includes the finding that the shortest term would do the same.
[4] The record confirms that appellant has not previously served a prison term.